1  TODD M. SORRELL (BAR NO. 175143)
     e-mail: tsorrell@fulbright.com
2  GREG WOOD (BAR NO. 068064)
     e-mail: gwood@fulbright.com
3  JOHN R. BAMFORD (BAR NO. 229152)
     e-mail: jbamford@fulbright.com
4  **FULBRIGHT & JAWORSKI L.L.P.**
   555 South Flower Street
5  Forty-First Floor
   Los Angeles, CA  90071
6  Telephone:  (213) 892-9200
   Facsimile:  (213) 892-9494
7
   *Attorneys for Defendant*
8  NORSTAR OFFICE PRODUCTS, INC.,
   dba BOSS OFFICE PRODUCTS



IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| BLUMENTHAL DISTRIBUTING, INC. dba OFFICE STAR PRODUCTS,<br><br>Plaintiff,<br><br>v.<br><br>NORSTAR OFFICE PRODUCTS, INC. dba BOSS OFFICE PRODUCTS,<br><br>Defendant. | Case No. SACV08-0307 AG (ANx)<br>Judge:   Hon. Andrew Guilford<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANT NORSTAR OFFICE PRODUCTS, INC. dba BOSS OFFICE PRODUCTS TO COMPLAINT FOR:**<br>   (1) **PATENT INFRINGEMENT,**<br>   (2) **TRADE DRESS INFRINGEMENT, AND**<br>   (3) **COMMON LAW UNFAIR COMPETITION;**<br>**AND DEFENDANT'S DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:  03/18/08 |
|---|---|

Defendant Norstar Office Products, Inc., dba Boss Office Products ("Boss"), by and through its counsel of record hereby answers Plaintiff Blumenthal Distributing, Inc., dba Office Star Products' ("Office Star") Complaint and asserts its defenses, affirmative defenses and counterclaims as follows:

## I. JURISDICTION

1. Boss admits that this Court has federal question jurisdiction over claims for patent infringement under 35 U.S.C. § 1, *et seq.*, and claims for trade dress infringement under 15 U.S.C. § 1125(a), but denies that Office Star's Complaint sets forth valid causes of action under said theories. Boss denies that this Court has jurisdiction over Office Star's alleged claim for common law unfair competition pursuant to 28 U.S.C. § 1267(a). Boss denies all remaining allegations in this paragraph.

2. Boss admits that this Court has personal jurisdiction over it, and that venue for Office Star's alleged causes of action is appropriate in the Central District of California.

## II. PARTIES

3. Boss lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and on that basis denies the allegations.

4. Boss admits the allegations set forth in paragraph 4 of the Complaint.

## III. FACTUAL BACKGROUND

5. Boss lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and on that basis denies the allegations.

6. Boss lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and on that basis denies the allegations.

7. Boss admits that Patent Number D150,488, titled "Chair," was issued to Tung-Hua Su on October 11, 2005, pursuant to application no. 29/205,701. Boss lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint and on that basis denies all remaining allegations.

8. Boss admits that it offers for sale and has sold chairs with model designations B5500 and B5700. Boss denies all other allegations set forth in paragraph 8 of the Complaint.

9. Boss admits it that has never received the consent or authorization of Tung-Hua Su or Office Star to sell any Boss products. Boss denies all other allegations set forth in paragraph 9 of the Complaint.

### First Claim For Relief

### Patent Infringement

10. Boss realleges and incorporates its responses to paragraphs 1-9 as though fully set forth herein.

11. Boss denies the allegations set forth in paragraph 11 of the Complaint.

12. Boss denies the allegations set forth in paragraph 12 of the Complaint.

13. Boss denies the allegations set forth in paragraph 13 of the Complaint.

14. Boss denies the allegations set forth in paragraph 14 of the Complaint.

15. Boss denies the allegations set forth in paragraph 15 of the Complaint.

### Second Claim For Relief

### Trade Dress Infringement

16. Boss realleges and incorporates its responses to paragraphs 1-15 as though fully set forth herein.

17. Boss denies the allegations set forth in paragraph 17 of the Complaint.

18. Boss denies the allegations set forth in paragraph 18 of the Complaint.

19. Boss denies the allegations set forth in paragraph 19 of the Complaint.

20. Boss denies the allegations set forth in paragraph 20 of the Complaint.

21. Boss denies the allegations set forth in paragraph 21 of the Complaint.

22. Boss denies the allegations set forth in paragraph 22 of the Complaint.

23. Boss denies the allegations set forth in paragraph 23 of the Complaint.

24. Boss denies the allegations set forth in paragraph 24 of the Complaint.

25. Boss denies the allegations set forth in paragraph 25 of the Complaint.

### Third Claim For Relief

### Common Law Unfair Competition

26. Boss realleges and incorporates its responses to paragraphs 1-25 as though fully set forth herein.

27. Boss denies the allegations set forth in paragraph 27 of the Complaint.

28. Boss denies the allegations set forth in paragraph 28 of the Complaint.

29. Boss hereby denies all material allegations set forth in the Complaint that have not been expressly admitted herein.

## IV.   DEFENSES AND AFFIRMATIVE DEFENSES

### First Defense

30. The claims of U.S. Patent No. D510,488 ("the '488 Patent") are invalid for failure to comply with the statutory requirements of one or more provisions of 35 U.S.C. § 1, *et seq.*, including without limitation to 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Second Defense

31. Boss is not now and has never infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '488 Patent, either literally or under the doctrine of equivalents.

### Third Defense

32. Office Star's claims for relief are limited by 35 U.S.C. § 287, precluding recovery of any damages for alleged infringements, if any, occurring prior to the commencement of this action.

### Fourth Defense

33. Office Star's Complaint fails to state a cause of action upon which relief can be granted.

### Fifth Defense

34. Office Star's claims for relief are barred by the doctrine of unclean hands.

### Sixth Defense

35. Office Star's claims for relief are barred by the doctrines of laches, waiver and estoppel, including prosecution history estoppel.

### Seventh Defense

36. Office Star's purported causes of action, and each of them, are barred by the applicable statute of limitations.

### Eighth Defense

37. Boss's conduct, as alleged in the Complaint, is protected by the competitor's privilege.

### Ninth Defense

38. Office Star's damages, if any, should be reduced or completely barred by the doctrine of offset.

### Tenth Defense

39. The '488 Patent is invalid based on functionality.

### Eleventh Defense

40. Office Star's purported claim of trade dress infringement is barred by the doctrine of functionality.

### Twelfth Defense

41. Office Star's purported claim of trade dress infringement is barred for lack of acquired distinctiveness and/or lack of secondary meaning.

### Thirteenth Defense

42. Office Star lacks standing to sue on the '488 Patent.

### Fourteenth Defense

43. Office Star has failed to join one or more indispensible parties.

### Fifteenth Defense

44. Boss reserves the right to modify the defenses stated herein and to assert additional and/or different defense as may be appropriate up to and including at the time of trial.

## V.   BOSS'S COUNTERCLAIMS

Now, Norstar Office Products, Inc., dba Boss Office Products, for its counterclaims against Blumenthal Distributing, Inc., dba Office Star Product, hereby alleges as follows:

### Nature of the Counterclaims

1.   Boss hereby counterclaims against Office Star for declaratory judgment of patent invalidity, and declaratory judgment of non-infringement.

### Parties

2.   Norstar Office Products, Inc., which also does business under the name Boss Office Products, is a corporation organized and existing under the laws of the State of California. Its principal place of business is located at 5353 Jillson Street, Commerce, California 90040. Boss regularly conducts business in this jurisdiction and within this judicial district.

3.   On information and belief, Blumenthal Distributing, Inc., which also does business under the name Office Star Products, is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1901 S. Archibald Avenue, Ontario, California 91761. Boss is further informed and believes that Office Star regularly conducts business in this jurisdiction and within this judicial district.

### Jurisdiction

4.   An actual, present and justiciable controversy exists between Boss and Office Star with regard to the validity of the '488 Patent and Boss's non-infringement of the '488 Patent.

5.   These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over these claim pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338. Additionally, Office Star has expressly submitted to the jurisdiction of this Court by and through the filing of its Complaint.

6.  Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391, *et seq.*, and 1400 *et seq.*, on the basis that both parties are residents of this district and Office Star has consented to this venue by and through the filing of its Complaint.

### First Counterclaim

### Patent Invalidity

7.  Boss realleges and incorporates by reference each and every preceding paragraph of its answer, defenses and counterclaims as though set forth fully herein.

8.  The '488 Patent is invalid and/or unenforceable due to failure to meet the conditions of patentability and/or otherwise comply with the requirements of the patent laws of the United States, including particularly 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Second Counterclaim

### Non-Infringement

9.  Boss realleges and incorporates by reference each and every preceding paragraph of its answer, defenses and counterclaims as though set forth fully herein.

10. Boss is not now and has never infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '488 Patent, either literally or under the doctrine of equivalents.

### Jury Demand

11. Boss hereby demands a trial by jury on all claims, defenses, affirmative defenses and counterclaims asserted in Office Star's Complaint and Boss's Answer and Counterclaims.

### Prayer For Relief

WHEREFORE, Boss prays for the following relief:

1.  Declaratory judgment that the '488 Patent is invalid and or unenforceable;

2.  Declaratory judgment that Boss is not now and has never infringed, contributed to the infringement of, or induced the infringement of any valid and

1  enforceable claim of the '488 Patent, either literally or under the doctrine of
2  equivalents;

3      3. Declaratory judgment that Office Star's trade dress is not protectable
4  based on functionality;

5      4. Declaratory judgment that Office Star's trade dress has no acquired
6  distinctiveness and/or secondary meaning;

7      5. Declaratory judgment that Boss has not infringed Office Star's trade
8  dress;

9      6. Declaratory judgment that Boss has not violated the common law of
10  unfair competition;

11      7. Dismissal with Prejudice of Office Star's Complaint and judgment that
12  Office Star shall take nothing by way of its Complaint;

13      8. Whatever other and further relief as this Court may deem just and
14  appropriate.

15  Dated: May _/_, 2008

TODD M. SORRELL
GREG WOOD
JOHN R. BAMFORD
**FULBRIGHT & JAWORSKI L.L.P.**

By: _____
TODD M. SORRELL

*Attorneys for Defendant*
NORSTAR OFFICE PRODUCTS, INC.,
dba BOSS OFFICE PRODUCTS

DEFENDANT'S ANSWER AND COUNTERCLAIMS

DOCUMENT PREPARED ON RECYCLED PAPER

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On May 5, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**ANSWER AND COUNTERCLAIMS OF DEFENDANT NORSTAR OFFICE PRODUCTS, INC. dba BOSS OFFICE PRODUCTS TO COMPLAINT AND DEFENDANT'S DEMAND FOR JURY TRIAL**

in a sealed envelope, postage fully paid, addressed as follows:

> Edward R. Schwartz
> Christiel, Parker & Hale, LLP
> 350 W. Colorado Boulevard, Suite 500
> P.O. Box 7068
> Pasadena, CA 91109-7068
> Telephone: (626) 795-9900
> Facsimile: (626) 577-8800

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 5, 2008, at Los Angeles, California.

_____
Mylene A. Ruiz

DOCUMENT PREPARED ON RECYCLED PAPER